**INSTITUTE FOR CONSTITUTIONAL ADVOCACY AND PROTECTION**
**GEORGETOWN UNIVERSITY LAW CENTER**

March 31, 2021

**VIA ECF**
The Honorable Paul W. Grimm
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

Re: CASA de Maryland, Inc. et al. v. Trump et al.
       PWG 19-cv-2715

Dear Judge Grimm:

     Plaintiffs file this letter in response to your March 16, 2021, Paperless Order requesting Plaintiffs' views on this case's procedural posture.[1]  ECF No. 142.  The procedural posture of this case is clouded by attempts by the States of Texas, Alabama, Arizona, Arkansas, Indiana, Kansas, Kentucky, Louisiana, Ohio, Oklahoma, Mississippi, Montana, South Carolina, and West Virginia ("the States") to belatedly intervene in the cases challenging the Public Charge Rule.  Of most direct relevance to the current posture of this case are the States' attempts to intervene in the Seventh Circuit.[2]

     On November 2, 2020, the United States District Court for the Northern District of Illinois issued an order vacating the Public Charge Rule.  *Cook County v. Wolf*, No. 19 C 6334, 2020 WL 6393005, at *4 (N.D. Ill. Nov. 2, 2020).  The Federal Government subsequently voluntarily withdrew its appeal of that decision, and the Seventh Circuit issued its mandate, leaving in place the district court's final judgment vacating the Rule.  Notice of Issuance of Mandate, *Cook County v. Wolf*, No. 20-3150 (7th Cir. Mar. 9, 2021).  The States then attempted to intervene in the Seventh Circuit to seek reversal of the vacatur order, but the Seventh Circuit denied the States' intervention and related motions on March 15, 2021.  Order, *Cook County v. Wolf*, No. 20-3150 (7th Cir. Mar. 15, 2021).  That same day, the Department of Homeland Security (DHS) issued a final rule implementing the vacatur order.  Inadmissibility on Public Charge Grounds; Implementation of Vacatur, 86 Fed. Reg. 14,221, 14,221 (Mar. 15, 2021) (codified at 8 C.F.R. pts. 103, 106, 212–14, 245, 248).

---

[1] The *CASA* Plaintiffs have consulted with the *Gaithersburg* Plaintiffs, who agree with the contents of this letter.

[2] The States unsuccessfully attempted to intervene in the Fourth Circuit, Order, *CASA de Maryland, Inc. v. Trump*, (4th Cir. Mar. 18, 2021), and also have an intervention motion pending before the Ninth Circuit.  The outcome of the States' attempts to intervene in the Seventh Circuit case is of more significance to the procedural posture of this case because the Seventh Circuit case involves a final order vacating the Public Charge Rule.

Despite these developments, the States filed an application with the Supreme Court last week seeking permission to intervene in the *Cook County* case either to file a petition for certiorari or to defend the Public Charge Rule in the Seventh Circuit. *Texas v. Cook County*, No. 20A150 (S Ct. Mar. 26, 2021). A response to the States' application is due on April 9, 2021.

Until the Supreme Court resolves the States' application, the status of the Public Charge Rule will remain in flux. In the event that the Supreme Court denies the State's application, Plaintiffs anticipate that the Parties will be able to resolve this case expeditiously.

Respectfully submitted,

*/s/ Jonathan L. Backer*
Jonathan L. Backer (D. Md. 20000)
Amy L. Marshak*
Mary B. McCord*
Institute for Constitutional
Advocacy and Protection
Georgetown University Law Center
600 New Jersey Ave., N.W.
Washington, D.C. 20001
(202) 662-9835
jb2845@georgetown.edu

*Attorneys for CASA Plaintiffs*

**Admitted pro hac vice*

*/s/ Dana P. Moore*
Dana P. Moore #03632
Acting Baltimore City Solicitor
Jane Lewis #20981
Assistant Solicitor
Baltimore City Department of Law
City Hall, Room 109
100 N. Holliday Street
Baltimore, MD 21202
(443) 388-2190
law.danapmoore@batimorecity.gov
jane.lewis@ batimorecity.gov

*Attorneys for Mayor and City Council of Baltimore*

Cc: All counsel of record (via ECF)

600 New Jersey Avenue NW, Washington, D.C. 20001 | (202) 662-9042 | reachICAP@georgetown.edu